**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| INTUITIVE BUILDING CONTROLS, INC.,<br>Plaintiff,<br>vs.<br>CONTROL4 CORPORATION,<br>Defendant. | Case No. 2:15-cv-503-JRG-RSP<br><br>JURY TRIAL DEMANDED |

**ANSWER TO COMPLAINT**

Defendant Control4 Corporation ("Control4") hereby files its answer and affirmative defenses ("Answer") to the Complaint filed on April 14, 2015, by plaintiff Intuitive Building Controls, Inc. ("IBC"). Each of the paragraphs below corresponds to the same-numbered paragraphs in the Complaint. Control4 denies all allegations in the Complaint, whether express or implied, that are not specifically admitted below. Control4 further denies that IBC is entitled to the relief requested in the Complaint or to any other relief.

**THE PARTIES**

**PLAINTIFF**

1. Control4 lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the Complaint and, therefore, denies them.

**DEFENDANT**

2. Control4 admits that it is a corporation organized and existing under the laws of the State of Delaware. Control4 admits that it has an office at 11734 S. Election Road, Salt Lake City, Utah 84020. Control4 admits that it conducts business in the State of Texas. Control4 denies that it has committed, or continues to commit, any infringement. Control4 denies that it has engaged

in continuous and systematic activities in the State of Texas. Except as expressly admitted herein, Control4 denies the remaining allegations in this paragraph.

**JURISDICTION AND VENUE**

3. Control4 admits that the Complaint purports to be an action under Title 35 of the United States Code. Control4 denies that IBC is entitled to any relief, including injunctive relief or damages. Except as expressly admitted herein, Control4 denies the remaining allegations in this paragraph.

4. Control4 admits that the Complaint purports to be an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 101 et seq. Control4 admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Control4 denies that venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). Control4 denies that it is deemed to reside in this district under 28 U.S.C. § 1391(d). Except as expressly admitted herein, Control4 denies the remaining allegations in this paragraph.

6. Control4 admits that at least some of its products are sold to customers residing in the State of Texas. Control4 denies that this Court has personal jurisdiction over it. Control4 denies that venue is proper in this district. Control4 denies that it has committed, or continues to commit, any infringement. Control4 denies that it has engaged in continuous and systematic activities in the State of Texas. Except as expressly admitted herein, Control4 denies the remaining allegations in this paragraph.

**COUNT I – ALLEGED INFRINGEMENT OF U.S. PATENT NO. 6,118,230**

7. Control4 incorporates by reference, as though set forth in full, its responses to paragraphs 1 through 6, inclusive, to this Complaint.

8. Control4 lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's purported ownership interest. Control4 admits that Exhibit A attached to the Complaint is a copy of the '230 patent entitled "Lighting Control System Including Server for Receiving and Processing Lighting Control Requests." Except as expressly admitted herein, Control4 denies the remaining allegations in this paragraph.

9. Denied.

10. Denied.

**Direct Infringement**

11. Denied.

**Indirect Infringement – Inducement**

12. Denied.

13. Control4 admits that it received a copy of the '230 patent attached as Exhibit A to the Complaint when it was served with the Complaint. Except as expressly admitted herein, Control4 denies the remaining allegations in this paragraph.

14. Denied.

15. Denied.

16. Denied.

17. Control4 admits that it provides support to customers for its products. Except as expressly admitted herein, Control4 denies the remaining allegations in this paragraph.

18. Control4 did not have knowledge of the '230 patent prior to the Complaint. Except as expressly admitted herein, Control4 denies the remaining allegations in this paragraph.

19. Control4 did not have knowledge of the '230 patent prior to the Complaint. Except as expressly admitted herein, Control4 denies the remaining allegations in this paragraph.

**COUNT II –ALLEGED INFRINGEMENT OF U.S. PATENT NO. 6,160,359**

20. Control4 incorporates by reference, as though set forth in full, its responses to paragraphs 1 through 19, inclusive, to this Complaint.

21. Control4 lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's purported ownership interest. Control4 admits that Exhibit B attached to the Complaint is a copy of the '359 patent entitled "Apparatus for Communicating with a Remote Computer to Control an Assigned Lighting Load." Except as expressly admitted herein, Control4 denies the remaining allegations in this paragraph.

22. Denied.

23. Denied.

**Direct Infringement**

24. Denied.

**Indirect Infringement – Inducement**

25. Denied.

26. Control4 admits that it received a copy of the '359 patent attached as Exhibit B to the Complaint when it was served with the Complaint. Except as expressly admitted herein, Control4 denies the remaining allegations in this paragraph.

27. Denied.

28. Denied.

29. Denied.

30. Control4 admits that it provides support to customers for its products. Except as expressly admitted herein, Control4 denies the remaining allegations in this paragraph.

31. Control4 did not have knowledge of the '359 patent prior to the Complaint. Except

as expressly admitted herein, Control4 denies the remaining allegations in this paragraph.

32. Control4 did not have knowledge of the ’359 patent prior to the Complaint. Except as expressly admitted herein, Control4 denies the remaining allegations in this paragraph.

**COUNT III-ALLEGED INFRINGEMENT OF U.S. PATENT NO. 5,945,993**

33. Control4 incorporates by reference, as though set forth in full, its responses to paragraphs 1 through 32, inclusive, to this Complaint.

34. Control4 lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff’s purported ownership interest. Control4 admits that Exhibit C attached to the Complaint is a copy of the ’993 patent entitled “Pictograph-Based Method and Apparatus for Controlling a Plurality of Lighting Loads.” Except as expressly admitted herein, Control4 denies the remaining allegations in this paragraph.

35. Denied.

36. Denied.

**Direct Infringement**

37. Denied.

**Indirect Infringement – Inducement**

38. Denied.

39. Control4 admits that it received a copy of the ‘993 patent attached as Exhibit C to the Complaint when it was served with the Complaint. Except as expressly admitted herein, Control4 denies the remaining allegations in this paragraph.

40. Denied.

41. Denied.

42. Denied.

43. Control4 admits that it provides support to customers for its products. Except as expressly admitted herein, Control4 denies the remaining allegations in this paragraph.

44. Control4 did not have knowledge of the '993 patent prior to the Complaint. Except as expressly admitted herein, Control4 denies the remaining allegations in this paragraph.

45. Control4 did not have knowledge of the '993 patent prior to the Complaint. Except as expressly admitted herein, Control4 denies the remaining allegations in this paragraph.

## ADDITIONAL ALLEGATIONS

46. Denied.

47. Denied.

48. Denied.

49. Denied.

## ANSWER TO PLAINTIFF'S PRAYER FOR RELIEF

Control4 denies that Plaintiff is entitled to any relief whatsoever from Control4, as prayed for or otherwise.

## AFFIRMATIVE DEFENSES

Without altering any applicable burdens of proof, Control4 alleges the following affirmative defenses:

### First Affirmative Defense (Failure to State a Claim)

1. IBC's purported claim against Control4 fails to state a claim upon which relief can be granted.

### Second Affirmative Defense (Noninfringement)

2. Control4 has not infringed and does not infringe, either literally or under the doctrine of equivalents, has not contributed to the infringement by others, and has not induced

others to infringe any valid claim of the ’230 patent.

3. Control4 has not infringed and does not infringe, either literally or under the doctrine of equivalents, has not contributed to the infringement by others, and has not induced others to infringe, any valid claim of the ’359 patent.

4. Control4 has not infringed and does not infringe, either literally or under the doctrine of equivalents, has not contributed to the infringement by others, and has not induced others to infringe, any valid claim of the ’993 patent.

**Third Affirmative Defense**
**(Patent Invalidity)**

5. One or more claims of the ’230 patent are invalid for failure to satisfy one or more of the conditions of patentability set forth in the Patent Act, 35 U.S.C. § 100, *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and/or 112.

6. One or more claims of the ’359 patent are invalid for failure to satisfy one or more of the conditions of patentability set forth in the Patent Act, 35 U.S.C. § 100, *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and/or 112.

7. One or more claims of the ’993 patent are invalid for failure to satisfy one or more of the conditions of patentability set forth in the Patent Act, 35 U.S.C. § 100, *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and/or 112.

**Fourth Affirmative Defense**
**(Limitations on Damages)**

8. IBC is barred or limited in recovery, in whole or in part, by failing to meet the requirements of 35 U.S.C. §§ 286, 287, and/or 288.

**Fifth Affirmative Defense**
**(Laches, Waiver, Acquiescence and/or Estoppel)**

9. IBC is barred, in whole or in part, from seeking any relief because of laches, waiver,

acquiescence, and/or estoppel.

**Sixth Affirmative Defense**
**(Prosecution History Estoppel)**

10. Control4 is informed and believes, and based thereon alleges, that IBC is estopped from asserting constructions of any claim of the '230, '359, or '993 patents that covers any act of Control4, or any product, system or method of Control4, because of amendments and arguments made to the U.S. Patent and Trademark Office during prosecution of the application that led to issuance of the patents.

**Seventh Affirmative Defense**
**(Lack of Personal Jurisdiction)**

11. This Court lacks personal jurisdiction over Control4 as Control4's contacts are not so continuous and systematic so as to render it essentially at home in this forum. Control4 has also not purposefully directed its activities toward this forum.

**Eighth Affirmative Defense**
**(Improper Venue)**

12. Pursuant to 28 U.S.C. § 1391(d), Control4 does not reside in this district for purposes of venue.

**Ninth Affirmative Defense**
**(Inconvenient Venue)**

13. Pursuant to 28 U.S.C. § 1404(a), for the convenience of the parties and witnesses and in the interest of justice, venue is more appropriate in another district.

**Tenth Affirmative Defense**
**(No Injunctive Relief)**

14. IBC's demand to enjoin Control4 is barred, at least because IBC has suffered neither harm nor irreparable harm from Control4's actions.

**Eleventh Affirmative Defense**

**(Other Affirmative Defenses)**

15. Control4 reserves all other affirmative defenses pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, that now exist or in the future may be available based on discovery and further factual investigation in this case.

**JURY DEMAND**

Pursuant to Fed. R. Civ. P. 38, Control4 hereby demands a trial by jury on all issues triable by jury in this action.

**PRAYER FOR RELIEF**

WHEREFORE, Control4 respectfully requests that the Court enter judgment in Control4's favor by granting the following relief:

a. Dismissing Plaintiff's Complaint against Control4 in its entirety, with prejudice;

b. Denying the relief sought by Plaintiff in its Complaint;

c. Judgment in favor of Control4 that Control4 has not infringed, contributorily infringed, or induced the infringement of any claims in the '230, '359 and '993 patents;

d. Judgment in favor of Control4 that the '230, '359 and '993 patents and each asserted claim thereof, is invalid;

e. Judgment in favor of Control4 that this case stands out from other cases as an exceptional case under 35 U.S.C. § 285, and awarding Control4 its costs, expenses, and attorneys' fees in this action; and ;

f. Awarding to Control4 such other and further relief as the Court deems just and proper.

Dated: June 10, 2015

By: /s/ *Brian Craft*

Timothy S. Teter (Cal. 171451)
Benjamin G. Damstedt (Cal. 230311)
Lam Nguyen (Cal. 265285)
COOLEY LLP
3175 Hanover Street
Palo Alto, CA 94304-1130
teterts@cooley.com
bdamstedt@cooley.com
lnguyen@cooley.com
(650) 843-5000

Brian Craft
State Bar No. 04972020
Eric H. Findlay
State Bar No. 00789886
FINDLAY CRAFT, P.C.
102 N. College Ave.
Suite 900
Tyler, TX 75702
(903) 534-1100
(903) 534-1137 FAX
bcraft@findlaycraft.com
efindlay@findlaycraft.com

Attorneys for Defendant
CONTROL4 CORPORATION

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) this 10th day of June 2015.

/s/ *Brian Craft*
Brian Craft